## L. R. GARVIN *v.* WILLIAM FREE ET AL.

**Judicial Sale—Warranty of Title.**

     The court having construed a deed, as being a mortgage and ordered a sale to liquiate the debt for which the deed was executed, the mortgagee cannot then be required to warrant the title to the purchaser at the forclosure sale. He can only be required to reconvey such title as he received from the grantor.

APPEAL FROM METCALFE CIRCUIT COURT.

October 9, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

It seems to us the circuit court rightly construed the conveyance from Free to the appellant, made on the 26th of May, 1862, as a mortgage to secure the payment of the appellants entire debt for money advanced to reduce the land and his medical account, in all then settled at $300.

The land was sold to Ferkin for $675, of which $150 was paid to Free and the residue of $525 was paid to the appellant. From this sum the court seems to have deducted the $300 and rendered judgment for the balance of $225 less $37.50. This judgment was, we think as favorable to the appellant as the facts would have authorized. And no error is perceived in the judgment for costs of the former suit.

But we do not concur in that part of the judgment which requires the appellant to convey and warrant the title to Ferkin. He was not bound to warrant the title to Ferkin or do more than reconvey such right as he received from Free, not to make himself responsible for Free's title. For this error the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*James,* for appellant.

*Harlan, Compton,* for appellee.